Good morning. May it please the Court, I'm Joe Harrington. I'm an assistant U.S. attorney for the Eastern District of Washington in Spokane. The government's appealed from a district court order that was dated September 30th of 2003, which dismissed a three-count indictment which charged the defendant with being a prior convicted felon in possession of firearms and ammunition. The defendant's prior predicate felony offense was a conviction for second-degree assault out of Spokane County Superior Court on November 29th of 2002. That was the date of his second-degree assault. That conviction has never been cleared, vacated, expunged, or set aside. The defendant was a convicted felon on the dates charged in the indictment, November of 2001 and December of 2001. The defendant was a convicted felon on the date the indictment was returned. In fact, the defendant was a convicted felon the day that the district court entered its order dismissing the indictment. And to the best of my knowledge, Your Honors, the defendant continues to today to be a convicted felon. It's significant to note that the defendant has not argued that his felony conviction indeed has been set aside, expunged, or vacated, or that his civil rights have been restored. Instead, the defendant has been relying primarily on two Washington State Court opinions. The first is State v. Summers, and the second is State v. Gore, both of which are cited in the briefs, to argue that his second-degree assault conviction is invalid as the State of Washington's felony firearm possession statute is applied. In those two cases, as explained in the briefs, the Washington State Supreme Court interpreted the State of Washington's firearm law to determine that the State must prove that a defendant's predicate offenses are not constitutionally infirm, and that requirement is not present under the federal felony possession statutes. So it's the government's position that the defendant's reliance on those two State of Washington court opinions. But what apparently the judge was relying on was the statutory change, which says what constitutes a conviction shall be determined in accordance with the law of the jurisdiction. And he thought that somehow that translated into an application of Washington law with regard to how Washington uses it prior. What if Washington had — what if there had been a case regarding this defendant with a prior in which the Washington courts had determined that the conviction was invalid for purposes of using a — uses a prior? Would that matter? There wasn't one here. I understand there wasn't that. But what if there were? The best way I think I can answer that question, Your Honor, is the fact that being a felon in possession of firearms or ammunition is the quintessential status crime. And so if you're — If it's a conviction that hasn't been expunged, even if it's been declared invalid by a State court, it doesn't matter. Correct. I think it depends on when the possession occurs. And if the defendant is a convicted felon, is in possession of a firearm, and then later that underlying conviction is expunged or set aside or invalidated because of his — This is just sort of an idle — I understand this is not terribly relevant. But suppose it were declared invalid, but only in the context of use in Washington as a prior. I think that under the Federal firearm statutes, that — that fire — predicate firearm or the predicate offense would still apply. Why should that stand? Because I think the State of Washington, if I understand Summers and Gore correctly, is that the State has to prove — that's like an additional element that has to be proved under the State statute that it's a constitutionally affirmed conviction. That's not necessarily the case in Federal — under the Federal statutes.  Okay. Thank you, Your Honor. Thank you. Good morning. Steve Hormel for Thomas Marks. It appears that the first hurdle that we have to get to before we can get to a conflict of interest, the conflict of interest issue, is whether or not Judge Nielsen was correct in applying Washington law to determine whether or not the second-degree assault conviction was, quote, a qualifying conviction under State law, because that is the test. The test in the first sentence of 921-820 is for the court to determine whether or not a particular conviction constitutes a conviction, a qualifying conviction, for the purposes of prosecutions under 922g-1. Right. And the question is whether it's a conviction. It's not whether it's a qualifying conviction for any particular purposes. It is. It's whether it's a conviction. No. Your Honor, it is whether it's a qualifying conviction. And that is made clear in the United States v. Beecham. It's a Supreme Court case. And if you look at 114, Supreme Court reporter at page 1671, the court says the following when they're talking about the choice of law clause in 921-820. And that's how the Supreme Court refers to that first sentence, the choice of law clause. And that is, and they adopted the Fourth Circuit's reading when they said, we think the Fourth Circuit's reading is the better one. Throughout the statutory scheme, the inquiry is, does the person have a qualifying conviction on his record? You have to see whether or not the State qualifies that particular event as a conviction under State law. The State law on prior convictions in the State of Washington. The Washington State law on which the judge relied to say that this wasn't a qualifying conviction is one that pertains, as I understand it, only to the issue of what you can use as a qualifying, what you can use as an enhancement under State law, under a State statute. Okay. That is not true. It's actually much broader than that, Your Honor. In fact, the Summers case points that out, and so does the Gore case. Under Washington law, under Washington law, which is much broader than the Supreme Court's law on attacking prior convictions, because under Federal court, it seems like the only avenue to attack a prior conviction are uncounseled convictions. Washington law is much broader than that. You cannot use a prior conviction that, for example, State v. White. You can't use a prior conviction for impeachment, even though the conviction was in place at the time, if that conviction was subsequently reversed on appeal and for lack of evidence, for insufficient evidence. You can't use a prior conviction, even though that conviction is still in place, to increase it under the old former Washington State habitual offender statute. So they're not just saying we're analyzing this according to the firearm statute. They're analyzing that in a broad sense in which Washington applies prior convictions. Washington simply says an unconstitutional conviction is not a conviction that can be used in subsequent prosecutions, period, regardless of whether it's a firearm prosecution, a prosecution for theft where they use a perjury conviction to use them, whether or not it's for sentencing purposes under the habitual offender statute. They simply say unconstitutional convictions do not qualify as a conviction. State v. Gore makes that absolutely clear, which is one of the seminal cases that we are relying on. The issue in Gore and the way that the Supreme Court in Gore analyzed the issue is this. Petitioner Gore argues that because his burglary conviction was unconstitutionally obtained under Swindle, he cannot be considered convicted. For what purpose? Oh, excuse me. We're at page – excuse me. We're at 681 Pacific Reporter 2nd. I'm at page 230. And we're at the – I'm asking what purpose was this being used for in Gore? In Gore, this was to attack the underlying conviction for prosecution for felon in possession of a firearm under Washington law. But, see, Washington law doesn't just adhere to – these cases aren't addressing specific – they're addressing those specific statutes, but they're adhering to the general law under Washington that a qualifying conviction must be constitutional to use it for any purpose. So Washington's law in that regard is much broader, much broader than what the prosecution is saying these cases stand for. Well, in the case of Gore, what Gore is saying is we're not being bound by the federal court's construction of their statute about what counts as a prior. We have our own rule about what counts as a prior. Now you're trying to take that rule, that state law rule about what counts as a prior and make the federal courts being bound by a state law rule about what counts as a prior. We have to now, Your Honor. Why? 921-820 tells us we have to. What constitutes a conviction is not dependent on federal law anymore. It's dependent on state law. Excuse me. What do you make of Lewis v. United States? What I make of Lewis v. United States, Your Honor, is that when they were looking at the former Section 12, I believe, 01A1, and looking at the receiving of a firearm or whatever statute that was at the time, is that they looked at the congressional record, they looked at the plain language of the statute, and they said there is nothing under the plain language of this statute that would permit a collateral attack on a predicate felony conviction. That comes out of a state court or even a federal conviction. There is nothing in the clear language of that statute. But since Lewis, we have the enactment of 921-820. And there is language now in the federal firearms statute that says you have to look at the state in which the proceedings were held to determine what is a qualifying conviction. United States, I mean, excuse me, the Beecham case says that. The choice of law clause now forces us to look to see what is a qualifying conviction, not whether or not it's a conviction under the old standard in Lewis v. United States. Because we didn't have 921-820. We didn't have an enactment by Congress. We didn't have a voice of Congress that was basically saying we now want to rely on state law to determine whether or not we should prosecute people for these crimes. Washington State may well be in the big minority of states that does permit review of underlying convictions in order to prosecute somebody. But Washington's law is pretty clear. In any subsequent prosecution, an unconstitutional conviction cannot be used. It is not a qualifying conviction that can be used in any subsequent prosecution. On the federal system, can you collaterally attack the constitutionality or the validity of an existing conviction? Of an existing conviction? There's no question what this conviction was existing at the time. There's no doubt, yeah, that the jury had entered and the judge had entered the order. 920, can you collaterally attack the existence of that conviction except for the failure to appoint counsel? Well, I think that the judge addressed this, and I'll address it in this way, and that is that this is not a collateral attack. It's a review of state law to determine whether or not a conviction qualifies as a conviction. But in this instance. So this is not necessarily a collateral attack. That's why I asked the question I asked of Harrington. It's one thing. In this instance, there had never been a state court determination that this was invalid, right? Correct. Even in the context of using it as a prior in a state court. That's correct. So it's one thing to say, well, if the state had declared it invalid at the time he was holding the felony, he had the gun. In any sense, maybe you could argue that it had been in some sense set aside, even just in the sense of having been used in a proceeding. But that hadn't happened here. What you're asking, as Judge Hamlin's pointing out, is for the federal court to make that determination now, right? Yes, I believe. Yes, that is. And how does that turn something that was a conviction at the time that he committed the crime into a non-conviction now? Because that is how Washington treats Washington State when you look at. But that's not the federal statute wants to know, did he have a conviction at the time he committed the crime? No, because conviction turns on the definition under state law, not federal law. That is the difference between. Under federal state law, he had a conviction at the time he committed the crime. He did not have a qualifying conviction, Your Honor. He did not have a conviction that qualified for use for any purpose for subsequent prosecutions. That is how broad Washington State law is. And if you – and that is why Beechin says that. The first question you ask is, is there a qualifying conviction? And you turn to state law to determine if it's a, quote, qualifying conviction. And I think that is important. Excuse me. I'm sorry, Your Honor. What did the Supreme Court mean in Custis' 1994 decision? It says that the provision that a court may not count a conviction which has been set aside creates a clear negative implication that courts may count a conviction that has not been set aside. That's probably true in the most general – in the more broader and general sense, but I don't think it's specifically true when you are looking at the issue we are looking at here, because Washington has in place a different set of laws than probably most states in the United States. And we have to look at the state's law to determine those issues. Well, to come out of your argument, you may be correct in terms of what Washington State would do, but as the Supreme Court has interpreted 921A20, that's not what they say applies or controls with respect to a federal prosecution where the conviction has not been annulled or set aside. Then what this court would be doing is restricting the first sentence of 921A20 to only those circumstances where there's been a restoration of rights, vacation of record, or vacation of judgment, or restoration of rights. And I don't believe that the first sentence limits us to those situations. Let's say in the State of Washington you apply for a job as a police officer, and you have to fill out a form, and it says, have you ever been convicted of a crime? And your position is, no, because it was unconstitutional, so you don't write it down. Now, this would only be for use of convictions in subsequent prosecutions, Your Honor. Exactly. That's what's wrong with your argument. It's not a conviction. It is a conviction. It's not a qualifying conviction, which Beecham says we have to determine. But the court's statute doesn't say qualifying conviction. Beecham, the United States Supreme Court did say that, and maybe that is an issue that's going to have to be hit, because you have to look at state law to determine whether this thing can be used, this thing we call a conviction. You have to use state law to determine what a conviction is and how you use it now, because of 921-820. And may I address just briefly the last part of the question? I want to ask you a question. Okay. You haven't made any argument that this conviction was uncounseled because of the severe conflict. No, I have not. No, I did not, Your Honor. May I address Judge Hamilton's Custis question just a little bit more clearly? Go ahead. And it's my understanding of Custis that they were attempting to collaterally attack in Federal court the conviction based on Federal laws. They weren't looking to the state law, the state at which the proceedings were held, to determine whether it was a qualifying conviction or state law. They were actually attacking it on Federal grounds. This is completely a different situation where we're using 921-820 and the laws of the State to determine what a conviction is. And that's the difference between this case and Custis. Thank you. Thank you. Respectfully, I have no further argument unless the Court has any questions for me. Seeing none. Thank you, Your Honor. Thank you, Your Honor.
judges: B. Fletcher, Hamilton, Berzon